FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS CORTEZ MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 4:23-cv-05103-SAB<br><br>**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF** |

Before the Court is Luis Martinez's (Petitioner) Petition for Writ of Habeas Corpus by a Person in Federal Custody, ECF No. 1. Petitioner is an inmate at the SeaTac Federal Detention Center pursuant to a judgment and sentence of the United States District Court for the Eastern District of Washington. In 2022, he was convicted by plea agreement on one count of possession with intent to distribute 50 grams or more of actual (pure) methamphetamine. Petitioner requests this Court reduce his sentence. For the following reasons, the Court denies the petition for federal habeas relief.

### FACTS

Petitioner pled guilty on November 21, 2021 and was sentenced February 16, 2022. Petitioner had a previous motion for reduced sentence denied on June 27, 2022 in Case No. 4:20-CR-06038-SMJ. In that motion, Petitioner requested a reduced sentence for good behavior, nonviolent charge, good support system, and job skills. Petitioner filed the present § 2241 Habeas Petition on July 13, 2023.

**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF** # 1

Petitioner is a federal prisoner in a federal facility serving time for a conviction of a federal crime.

## LEGAL STANDARD

In general, a § 2241 Habeas Petition challenges the way a sentence is carried out, a prisoner is in custody because of something other than a judgment of conviction, or a prison is illegally detained in immigration custody. The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over (the petitioner)." 28 U.S.C. § 2242. This custodian is "the person" with the ability to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 2717, 159 L. Ed. 2d 513 (2004). "These provisions contemplate a proceedings against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1123, 35 L.Ed. 2d 443 (1973).

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF** # 2

## DISCUSSION

Petitioner makes no assertions in the § 2241 Habeas Petition to support a "reduction of sentence." He merely states a "[r]eduction of sentence." If Petitioner intended to argue a reduction on the same grounds as his previous motion, this Court already determined his ineligibility for relief in that context. More importantly, among other deficiencies in the petition, Petitioner listed themselves as a *Respondent* in the filing and did not file their petition to comport with the requirements laid out in *Rumsfeld v. Padilla* or under 28 U.S.C. § 2241. Being fully informed, Petitioner's § 2241 Habeas Corpus Petition is dismissed, and the above-mentioned matter is closed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody, ECF No. 1, is **DISMISSED**, pursuant to 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, furnish copies to pro se Petitioner, **enter judgment** against Petitioner, and **close** this file.

**DATED** this 14th day of February 2024.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF** # 3